ROB BONTA
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
T. MICHELLE LAIRD
Supervising Deputy Attorney General
JEREMY STEVENS, State Bar No. 313883
TIMOTHY M. MUSCAT, State Bar No. 148944
Deputy Attorney General
    1300 I Street, Suite 125
    P.O. Box 944255
    Sacramento, CA 94244-2550
    Telephone:  (916) 210-7779
    Fax:  (916) 323-2319
    E-mail:  Timothy.Muscat@doj.ca.gov
*Attorneys for Defendants*

LAW OFFICE OF FRANK LAWRENCE
FRANK LAWRENCE, State Bar No. 147531
ZEHAVA ZEVIT, State Bar No. 230600
    578 Sutton Way, No. 246
    Grass Valley, CA  95945
    Telephone:  (530) 362-8434
    E-mail:  Frank@FrankLawrence.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PIT RIVER TRIBE, a federally recognized Indian tribal government,**<br><br>Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM, Governor of the State of California, and the STATE OF CALIFORNIA,**<br><br>Defendants. | 2:20-cv-1918-AWI-SKO<br><br>**STIPULATION FOR GRANTING SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AND ORDER REQUIRING PARTIES TO PROCEED TO THE REMEDIAL PROCESS IN 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)** |

1

On July 28, 2022, the Ninth Circuit issued its published decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir 2022).  That case involved whether the State of California (State) had failed to negotiate in good faith with five California tribes seeking new tribal-state compacts required by the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2710-2712, 18 U.S.C. §§ 1166-1167, in order for the tribes to conduct what IGRA defines as "class III gaming."  The court held that "IGRA strictly limits the topics that states may include in tribal-state Class III compacts to those directly related to the operation of gaming activities."  *Chicken Ranch*, 42 F.4th at 1029.

The *Chicken Ranch* court ruled that the State failed to engage in good-faith negotiations with five plaintiff tribes under IGRA by insisting on provisions not directly related to the operation of class III gaming activities.  The specific provisions addressed by the Ninth Circuit concerned tribal recognition of spousal and child support orders for all gaming facility employees, environmental review and mitigation for a broadly defined set of projects, and broad tort claims coverage.  *Chicken Ranch,* 42 F.4th at 1037-39.  The court held that under 25 U.S.C. § 2710(d)(3)(C)(vii), "these family, environmental, and tort law provisions are not 'directly related to the operation of gaming activities.'"  *Id.* at 1038.

Similar to the plaintiff tribes in *Chicken Ranch*, plaintiff Pit River Tribe, a federally recognized Indian tribe (Pit River), is a former member of the Compact Tribes Steering Committee (CTSC).  On August 19, 2014, the CTSC, a coalition of twenty-eight federally recognized California Indian tribes, wrote to inform the State of CTSC's formation and its desire to begin the negotiation process for new class III gaming compacts.  Pit River was a member of CTSC in 2014, and remained a member until July 6, 2020.  As such, Pit River shares the same record of negotiations (RON) with the plaintiff tribes in *Chicken Ranch* from August 19, 2014, through July 6, 2020.

Pit River withdrew from negotiations with the State and filed its Complaint for Declaratory and Injunctive Relief (Complaint) on September 24, 2020.  (Doc. 1.)  The Complaint's claim for relief alleged that the State failed in its duty to negotiate in good faith under IGRA.  (*Id.* at 18-37.)  Regarding this claim in Pit River's Complaint, on June 15, 2021, Pit

2

River and the State and Governor Gavin Newsom (State Defendants) filed cross-motions for summary judgment.  (Docs. 18 & 19.)  In these motions, the parties disputed whether the State failed in its duty under IGRA to negotiate in good faith.  These motions included disputes over whether the State's proposed provisions regarding tort liability and remedies (Complaint, Count Eight), tribal recognition of employee spousal and child support orders (Complaint, Count Ten), and environmental review and mitigation (Complaint, Count One), exceeded the permissible scope of negotiations under IGRA, 25 U.S.C. § 2710(d)(3)(C)(i)-(vii), and thus constituted a failure by the State to negotiate in good faith.  In addition, these motions included disputes over other provisions proposed by the State.  Some of those provisions were at issue in *Chicken Ranch* but were not ruled upon by the Ninth Circuit in *Chicken Ranch*, while other provisions were not specifically at issue in *Chicken Ranch.*

In support of their cross-motions for summary judgment, on June 15, 2021, the parties each filed an identical Joint Statement of Undisputed Facts (JSUF).  (Docs. 18-2 & 19-4.)  The stipulated facts in the JSUF included facts from the RON based upon CTSC compact negotiations over tort claims coverage (JSUF, Nos. 16, 21, 44, 46, 50-51, 58, 99, 108, 146-49, 168, 175, 186 & 199), employee spousal and child support orders (JSUF, Nos. 49-52, 101, 158-61, 170 & 172), environmental review and mitigation (JSUF, Nos. 16, 21, 23, 45, 96, 108, 129-33, 164 & 199), and the other provisions at issue in the cross-motions for summary judgment (*e.g.,* JSUF, Nos. 16, 21-24, 26, 34, 36, 39-40, 43, 46-47, 49-52, 55-56, 58, 60, 65-66, 74, 78-79, 84-88 & 101,).

While Pit River and the State Defendants' cross-motions for summary judgment remain pending before the Court, the Ninth Circuit's *Chicken Ranch* decision resolved the central legal issues under IGRA in these motions – *i.e.,* generally the extent to which 25 U.S.C. § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of compact negotiations and whether the State's insistence on compact provisions concerning tort claims coverage, employee spousal and child support orders, and environmental review and mitigation constituted a failure to negotiate in good faith.

Based on *Chicken Ranch's* key holdings, the largely identical RONs in both this case and *Chicken Ranch*, and the parties' JSUFs, the parties now request the Court, pursuant to this

stipulation, grant summary judgment in Pit River's favor on its first claim for relief that the State failed to negotiate in good faith as required by IGRA because it sought "to negotiate for compact provisions that fall well outside of IGRA's permissible topics of negotiation," *Chicken Ranch*, 42 F.4th at 1040, namely, tribal recognition of state court spousal and child support orders, environmental review and mitigation for a broadly defined set of "projects," and broad tort claims coverage based upon California law, and order the parties to proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).

Dated:  December 8, 2022

Respectfully submitted,

Rob Bonta
Attorney General of California
Sara J. Drake
Senior Assistant Attorney General
T. Michelle Laird
Supervising Deputy Attorney General
Jeremy Stevens
Deputy Attorney General

*/s/ Timothy M. Muscat*

Timothy M. Muscat
Deputy Attorney General
*Attorneys for Defendants*

Dated:  December 8, 2022

Respectfully submitted,

LAW OFFICE OF FRANK LAWRENCE

*/s/ Frank Lawrence (as authorized on 12/8/22)*

Frank Lawrence
*Attorneys for Plaintiff*

**ORDER**

Based upon the above stipulation by the parties, summary judgment is granted in Pit River's favor on the claim for relief in its Complaint, consistent with the Ninth Circuit's decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California* (*Chicken Ranch*), 42 F.4th 1024 (9th Cir. 2022)*,* and the undisputed facts agreed upon by the parties.

Accordingly, the parties ARE HEREBY ORDERED to proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).

IT IS SO ORDERED.

Dated:   January 26, 2023

_____

SENIOR  DISTRICT  JUDGE